Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL I

| JULIBERT DÍAZ COLLAZO<br><br>Demandante - Recurrida<br><br>v.<br><br>CARLOS MANUEL RAMÍREZ HERNÁNDEZ<br><br>Demandado - Peticionario | TA2026CE00382 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala de Humacao<br><br>Caso núm.: HU2024CV01276 (208)<br><br>Sobre: Cobro de Dinero ordinario y otros |
|---|---|---|

Panel integrado por su presidente, el juez Sánchez Ramos, la jueza Romero García y el juez Pérez Ocasio.

Sánchez Ramos, juez ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 21 de abril de 2026.

El Tribunal de Primera Instancia ("TPI") denegó una solicitud de paralización de una sentencia final y firme mediante la cual, en lo pertinente, se ordenó el lanzamiento de una parte demandada de una propiedad de la parte demandante. Según se explica a continuación, por no haberse acreditado razón válida alguna que pudiese justificar la paralización solicitada, declinamos la invitación a intervenir con lo actuado por el TPI.

I.

En septiembre de 2024, la Sa. Julibert Díaz Collazo (la "Titular") presentó la acción de referencia, sobre desahucio y cobro de dinero (la "Demanda"), en contra del Sr. Carlos Manuel Ramírez Hernández (el "Arrendatario"). Alegó que el Arrendatario había suscrito un contrato de arrendamiento con su padre, quien luego falleció, en conexión con una propiedad en Palmas del Mar (la "Propiedad").

La Titular expuso que el Arrendatario "lleva[ba] más de 6 meses sin pagar el canon de arrendamiento", así como otras

partidas a las cuales se obligó contractualmente. Solicitó que se ordenara el desalojo del Arrendatario, así como el pago de las cuantías debidas bajo el contrato de arrendamiento.

Luego de varios trámites, mediante una Sentencia notificada el 3 de julio de 2025 (la "Sentencia"), el TPI declaró con lugar la Demanda. Por tanto, se ordenó al Arrendatario desalojar la Propiedad, así como pagar "$104,625.00" por concepto de renta debida, así como $1,632.88 "por concepto de cuotas de mantenimiento no pagadas".

Surge del récord que, a raíz de una petición de quiebra presentada en agosto de 2025 por el Arrendatario en la Corte de Distrito de los Estados Unidos (la "Petición"), el TPI paralizó la ejecución de la Sentencia. No obstante, el 12 de diciembre de 2025, la corte federal desestimó la Petición. El 26 de diciembre, el Arrendatario apeló esta determinación del foro federal.

Ante el hecho de que la Petición fue desestimada, el 9 de enero de 2026, la Titular solicitó al TPI que dejara sin efecto la paralización de la ejecución de la Sentencia (SUMAC 84). Subrayó que la apelación de la desestimación de la Petición, de por sí, no obligaba al TPI a paralizar los trámites de la Demanda. Aseveró que el Arrendatario tampoco había solicitado dicho remedio en el foro federal, como parte del trámite apelativo correspondiente.

El Arrendatario se opuso; expuso que el TPI debía, voluntariamente, mantener la paralización del caso en deferencia a la pendencia en el foro federal de la apelación de la desestimación de la Petición. El TPI determinó mantener dicha paralización "por el momento" (SUMAC 88).

La Titular solicitó reconsideración (SUMAC 89). Insistió en que, como el Arrendatario no había solicitado "una paralización durante el trámite de la apelación, conocido … como *stay pending appeal",* el TPI estaba facultado para dejar sin efecto la paralización

del caso.  Con apoyo en jurisprudencia federal y tratadistas, la Titular explicó que la desestimación de la Petición, en ausencia de una orden ulterior al respecto, tuvo como consecuencia que quedó sin efecto la paralización automática que se había generado a raíz de la presentación de la Petición.

Luego de que el Arrendatario se opusiera a la referida reconsideración, el 20 de febrero, el TPI le ordenó a este acreditar, en el término de 5 días, que el foro federal había emitido una orden de paralización durante la pendencia de la apelación de la desestimación de la Petición ("stay pending appeal").  Véase entrada 95 SUMAC.  Ante el incumplimiento del Arrendantario, el 2 de marzo, la Titular insistió en que el TPI debía dejar sin efecto la paralización de la ejecución de la Sentencia.

Mediante una Orden notificada el 5 de marzo (la "Orden"), el TPI dejó sin efecto la paralización de la ejecución de la Sentencia.  Por tanto, el 6 de marzo, el TPI ordenó el lanzamiento del Arrendatario de la Propiedad, como parte de la ejecución de la Sentencia, emitiéndose también el correspondiente Mandamiento.

El 17 de marzo, el Arrendatario presentó un escrito en el cual informó que había solicitado al foro federal que ordenase la paralización durante la pendencia de su apelación.  Además, alegó que había consignado en el foro federal la cuantía que se le ordenó satisfacer a través de la Sentencia.  A raíz de ello, solicitó que se ordenase la paralización de la ejecución de la Sentencia.

El 18 de marzo, una vez más, el TPI paralizó la ejecución de la Sentencia; no obstante, en consideración a un escrito de la Titular, más tarde ese día, el TPI dejó sin efecto la referida paralización y reiteró la vigencia de la Orden.  En el referido escrito, la Titular indicó que la corte federal había denegado la solicitud de paralización durante la pendencia de la apelación.

El 28 de marzo, el Arrendatario presentó el escrito de referencia, en el cual impugna la Orden y reproduce lo planteado ante el TPI al respecto.  Disponemos.

II.

Distinto al recurso de apelación, el tribunal al que se recurre mediante *certiorari* tiene discreción para atender el asunto planteado, ya sea expidiendo el auto o denegándolo. Véase, *Rivera Figueroa v. Joe's European Shop*, 183 DPR 580, 596 (2011); *García v. Padró*, 165 DPR 324, 334 (2005).  El *certiorari* es un recurso extraordinario cuya característica se asienta en "la discreción encomendada al tribunal revisor para autorizar su expedición y adjudicar sus méritos." *IG Builders et al. v. BBVAPR*, 185 DPR 307, 338 (2012).  Este Tribunal tiene la obligación de ejercer prudentemente su juicio al intervenir con el discernimiento del TPI. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008).

Por su parte, la Regla 40 del Reglamento de este Tribunal establece los criterios que debemos considerar al momento de ejercer nuestra facultad discrecional:

> A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> B. Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> C. Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> D. Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
>
> F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.

4 LPRA Ap. XXII-B, R. 40.

### III.

Concluimos que no procede intervenir con la Orden. El Arrendatario no ha demostrado que el TPI haya cometido error de derecho alguno, o abusado de su discreción, al determinar que debe procederse con la inmediata ejecución de la Sentencia. En particular, el Arrendatario no ha demostrado que, como cuestión de derecho, exista impedimento alguno para que se ejecute la Sentencia en esta etapa.

Adviértase que la Petición fue desestimada y que, hasta el momento, el foro federal ha rechazado el intento del Arrendatario de que se emita una orden de paralización mientras se atiende la apelación de la referida desestimación. Más aún, el Arrendatario tampoco ha alegado, ni mucho menos demostrado, la existencia de hecho alguno que pudiese justificar que el TPI, en el ejercicio de su discreción, voluntariamente posponga la ejecución de la Sentencia. De hecho, la conducta forense del Arrendatario ante el TPI, así como la insustancialidad del recurso presentado ante este Tribunal, fortalece nuestra conclusión en cuanto a la razonabilidad de la Orden.

### IV.

Por los anteriores fundamentos, **denegamos** la expedición del auto de *certiorari* solicitado.

Lo acordó el Tribunal, y lo certifica la secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones